# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| VERNON D. GRANVILLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 22-1232-SHM-tmp |
| | ) | |
| MADISON COUNTY SHERIFF J. WISER | ) | |
| and MADISON COUNTY, TENNESSEE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER DISMISSING CASE;
## CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH;
## NOTIFYING GRANVILLE OF APPELLATE FILING FEE; AND
## RECOMMENDING THIS DISMISSAL BE TREATED AS A STRIKE UNDER
## § 28 U.S.C. 1915(g)

On October 19, 2022, Plaintiff Vernon D. Granville filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1) and a motion to proceed *in forma pauperis*. (ECF No. 2.) When Granville filed the complaint, he was confined at the Madison County Jail (the "MCJ"), in Jackson, Tennessee. (ECF No. 1 at PageID 2.) On October 27, 2022, the Court granted leave to proceed *in forma pauperis* and assessed the three hundred and fifty dollar ($350.00) filing fee in accordance with the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA"). (ECF No. 4.) On April 24, 2023, the Court dismissed the complaint without prejudice for failure to state a claim to relief, denied Granville's motion for appointment of counsel (ECF No. 5), and granted leave to amend within twenty-one (21) days. (ECF No. 7 (the "Screening Order").) Granville's deadline to amend was Monday, May 15, 2023.

Granville has not filed amended claims and has not sought an extension of time to do so.

The Court DISMISSES this case with prejudice in its entirety for the reasons discussed in the Screening Order.  Judgment will be entered in accordance with that prior Order.

For § 1915(g) analysis of Granville's future filings, if any, the Court recommends that the dismissal of this case be treated as a strike pursuant to § 1915(g).  *See Simons v. Washington*, 996 F.3d 350 (6th Cir. 2021); *see also* ECF No. 7 at PageID 24-25 (recommending that a dismissal of this case for Granville's failure to timely amend be treated as a strike pursuant to § 1915(g).)

Pursuant to Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), it is CERTIFIED that any appeal in this matter by Granville would not be taken in good faith.  If Granville nevertheless chooses to file a notice of appeal, Granville must either pay the entire five hundred and five dollar ($505.00) appellate filing fee or, if Granville is confined at that time, submit a new *in forma pauperis* affidavit and a current, certified copy of Granville's inmate trust account statement for the last six months, in compliance with 28 U.S.C. §§ 1915(a)-(b).

IT IS SO ORDERED, this 30th day of June, 2023.

        */s/ Samuel H. Mays, Jr.*
        SAMUEL H. MAYS, JR.
        UNITED STATES DISTRICT JUDGE